UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CT-3324-BO

| | | |
|---|---|---|
| MICHAEL ALAN JOHNSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DETECTIVCE J.S. PINNEY, et al., | ) | |
|     Defendants. | ) | |

Michael Alan Johnson ("Johnson"), a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging due process violations [D.E. 1].[1] Johnson proceeds in forma pauperis under 28 U.S.C. § 1915 [D.E. 6].

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

---

[1] The events appear to have occurred while Johnson was a pre-trial detainee and thus any claim of unconstitutional behavior falls not under the Eighth Amendment, but the Fourteenth Amendment's due process clause. However, "[p]retrial detainees are entitled to at least the same protections under the Fourteenth Amendment as are convicted prisoner under the Eighth Amendment." Young. v. City of Mount Rainer, 238 F.3d 567, 575 (4th Cir. 2001); see also Coil V. Peterkin, 2009 WL 3247848, *8 (M.D.N.C.) ("pertinent constitutional guarantee for the punishment of pretrial detainees is the Due Process Clause of the Fourteenth Amendment," but "pretrial detainees 'retain at least those constitutional rights . . . enjoyed by convicted prisoners'" under the Eighth Amendment (quoting Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979)); see also City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-245 (1983).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The court shall allow Johnson's claim against Detective J.S. Pinney and Detective A. Freeman to continue. However, the other named defendants must be dismissed. As for the State of North Carolina, the Eleventh Amendment bars Johnson's claim for monetary damages. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989); Cunningham v. Selman, 201 N.C. App. 270, 281, 689 S.E.2d 517, 525 (2009). As for defendant W.R. Whitted, magistrate judges are entitled to absolute immunity for acts performed in their judicial capacity. See Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Timmerman v. Brown, 528 F.2d 811, 813–14 (4th

2

Cir. 1975). As for defendant Thomas L. Old, an Assistant District Attorney, prosecutors are absolutely immune from suit for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Thus, the court dismisses as frivolous plaintiff's claims against these defendants.

Furthermore, a county or municipality may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694–95; Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Therefore, a county or municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). Johnson has failed to plausibly allege that any policy or custom of either defendant is responsible for the acts of which he complains. Thus, Johnson's claims against the count is dismissed as frivolous.

In sum, the court allows the action to proceed against Detective J.S. Pinney and Detective A. Freeman; however, defendants Magistrate Judge W.R. Whitted, Assistant District Attorney Thomas L. Old, the County of New Hanover, and the State of North Carolina are DISMISSED as frivolous. The motion for an extension of time is DENIED as MOOT given Johnson's compliance with the deficiency order [D.E. 8]. The court further ORDERS as follows:

1. The clerk shall manage the action pursuant to Standing Order 14-SO-02.
2. If service on any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 10 day of October 2014.

                                                  TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE